## PHETEPLACE v. EASTMAN.

1. **Vendor and vendee:** CONTRACT: CONVEYANCE: MISTAKE. Where a vendee purchases a tract of land at a certain price per acre, and receives a deed therefor in which, following a description of the land, is the statement that it contains a certain number of acres more or less, and it turns out that there was a mistake as to the quantity of land, and that it contains a greater number of acres than was supposed, the .vendee is liable for the overplus at the price per acre which he agreed to pay.

2. —— RULE APPLIED : LAND AGENT : FRAUD. A land agent was authorized by the owner to sell a tract of land supposed to contain eighty acres, and was to receive as his compensation all he obtained over $600. He accordingly sold the land to a purchaser for eight dollars per acre, and procured from the owner a deed in which the land was described as "containing eighty acres more or less, according to the government survey." . The deed was delivered to the purchaser, and the consideration on the basis of eighty acres at eight dollars per acre was received by the agent and paid over by him to the owner less his compensation. After the delivery of the deed to the purchaser, he returned it to the agent for him to get recorded, which he did, and after it was recorded, received it from the recorder, together with a certificate from him that the land contained ninety-four instead of eighty acres. The agent then procured the grantor to change the number of acres in the deed from eighty to ninety-four, and thereupon represented to the purchaser, without telling him that the deed had been recorded, that there had been a mistake in the number of acres, and demanded of him the amount of the extra number of acres at eight dollars per acre, and gave him to understand that the grantor claimed this amount, and that the deed would not be delivered until it was paid, whereupon the vendee paid the additional sum and received the deed. .Learning subsequently that the deed had been recorded, that the vendor had not. demanded the additional sum, but that the transaction was for the

agent's benefit, he brought suit against the agent to recover back said additional sum, alleging that it was obtained from him by fraud, misrepresentation and coercion. *Held,*

1. That, having agreed to pay at the rate of eight dollars per acre for the land, he was legally bound to pay the additional sum.

2. That the artifice of the agent in procuring it, being without legal injury, did not affect the vendee's liability nor give him the right to recover it back.

*Appeal from Poweshiek District Court.*

FRIDAY, JANUARY 29.

THE court below found the following facts :

1. Prior to September 16, 1867, one Mickel owned the W. $\frac{1}{2}$, N. W. $\frac{1}{4}$, etc., and authorized defendant to sell it, agreeing that he should have for his services whatever he obtained for the same over $600.

2. On the day named defendant sold the land to plaintiff for $8 per acre — $50 in hand and the balance to be paid when the deed was delivered.

3. On the 26th of that month defendant procured a deed from Mickel — the name of the grantee being blank. For the land Mickel consented to take and defendant paid him $590. The deed described the land as the W. $\frac{1}{2}$, N. W. $\frac{1}{4}$, etc., containing eighty acres, more or less, according to the government survey.

4. Two days after this the deed was delivered to plaintiff, his name being inserted as grantee. He paid defendant $590, the balance of the purchase money, and he then handed defendant the deed, with the fee for recording, to be forwarded by him for record, which duty was performed the same day.

5. This deed was received by the recorder and duly recorded. Subsequently defendant caused it to be returned to him. He also obtained a certificate from the recorder that the tract contained ninety-four acres, accord-

ing to the government survey, "and also procured Mickel to change the number of acres in the deed from eighty to ninety-four." This was without plaintiff's knowledge or consent.

6. With the deed thus changed and this certificate, defendant represented to plaintiff that there had been a mistake; that it should have been for ninety-four acres; that the grantor had so changed it, and he (defendant) demanded $112 for the extra fourteen acres at $8 per acre. He withheld the knowledge that the deed had been recorded, and gave plaintiff to understand that the vendor claimed the $112, and that the deed would not be delivered until that sum was paid. Under these circumstances plaintiff paid defendant the $112 and received the deed.

7. In the entire transaction defendant claimed to be acting as agent for the owner of the land, without disclosing his name.

8. When plaintiff discovered that the deed had been recorded; that Mickel had not demanded the $112, and that the transaction was for defendant's benefit, he demanded the repayment of the $112, which was refused.

9. Neither at the time of the sale nor when the deed was delivered was there anything said "about the land being fractional."

Upon these facts plaintiff seeks to recover the $112, with interest, claiming (using the language of his petition) that "it was obtained from him by fraud, misrepresentation and coercion."

And the court finds, as conclusions of law, as follows:

1. That at the time of the payment of the $590 and delivery of the deed, plaintiff became the absolute owner of the land, and that both parties "ran the risk of the land's falling short or overrunning the eighty acres."

2. The acts of defendant in procuring possession of the deed, the change in the number of acres, conveying to plaintiff the impression that the vendor demanded the additional $112, and that the deed would not be delivered until that sum was paid, constituted such fraud upon the part of the defendant as entitled plaintiff to recover the $112, with interest.

Judgment accordingly, and defendant appeals.

*Josephus Eastman, pro se.*

No appearance for the appellee.

WRIGHT, J. — Upon the facts thus found, the question is whether plaintiff paid to defendant the sum claimed VENDOR AND ($112), under such circumstances of fraud, VENDEE: contract: conveyance: mistake. misrepresentation or coercion as entitles him to demand its repayment. It will be observed that there is no claim that defendant was acting as *plaintiff's* agent in the purchase of this land. There can hence be no pretense that plaintiff is entitled to the benefit of the contract made by defendant with Mickel, the owner of the land.

Nor, again, is there any suggestion that the land did *not* contain ninety-four acres, nor that plaintiff did *not* agree to pay for it at the rate of $8 *per acre*. In other words, if plaintiff had paid the full amount of $752 ($50, $590, $112 — $752) *before* the deed was made, it would scarcely be claimed that he could now recover the amount paid over the $640. And in the case thus supposed, it would make no difference, " *that, at the time of the sale,* nothing was said about the land being fractional." For whether anything was said as to the number of acres or not, the parties, by their subsequent acts, would give a construction to their contract, which, in the absence of fraud or the like, would bind them and defeat a recovery

of the money thus paid. And the same must be true, in the absence of fraud, where the money was paid after the delivery of the deed. That plaintiff was invested with the absolute ownership of the land by the conveyance, did not release him from his obligation to pay for it, according to his contract. The consideration for his promise to pay, or for money actually paid, is found in the conveyance of the land to which he thus took title.

Was there, then, fraud (for certainly there was no coercion) or false representations, producing damage to plaintiff? If not, this judgment was wrong. And here a plain proposition is, that if plaintiff paid no more than his contract required of him for this land, he was not injured; there was no damage, and his action must fail. For it must be remembered that defendant is not seeking to recover the balance of the purchase money, but that plaintiff insists that defendant has so much money "received to plaintiff's use," under a promise (implied in law) to pay the same upon demand.

If plaintiff was not injured, then it makes no difference that defendant had the deed in his possession after its delivery; that the deed was altered; nor that plaintiff had the impression that the vendor demanded the $112. Nor, indeed, would any of the facts upon which the court below seems to have predicated the conclusion of fraud, be of any moment. For if plaintiff paid no more for the land than he was legally or in equity bound to pay, he cannot, because of defendant's supposed artifice or so called fraud, demand the repayment. It would be a most idle task to compel defendant to hand over this money, if he, in an action to-morrow, could recover it as the balance due upon the land.

As we understand this case, plaintiff agreed to pay for this land at the rate of eight dollars per acre — not $640, but whatever would be the amount at this rate

per acre. He got the land, ninety-four acres, and paid for it in precise accordance with his contract. Of this sum he says $112 was obtained by fraud. Not in the original contract certainly; and, this being true, it is of no moment that the deed was changed. If it had remained as at the time of its execution, he would have been no less bound to pay this money. Nor is it of any moment that the deed was, or was not, recorded, nor whether the vendor did, or did not, demand the additional $112. Aside from these considerations, and whether these representations were true or false, plaintiff, in paying the money, but discharged his debt, and complied with his contract. And as plaintiff, before he can recover, must not only show fraud, but also that which resulted in his injury, it follows that the court below erred in finding against defendant.

It might not be difficult to show, also, that plaintiff, according to the facts found, in view of his means of knowledge, was guilty of such negligence as to effectually bar his recovery in this action. But upon this ground we need not enter, that above discussed being sufficient to dispose of this appeal.

Reversed and remanded for trial *de novo*.

Reversed.